Irving Younger, J.
Virtually all orders presented at Special Term, Part II, are signed without comment. When one is refused, as occasionally happens, its draftsman may find it embellished with a brief endorsement by the Judge explaining its rejection. The order now before me, however, requires something more than silence or marginal notation, for it opens up grave issues concerning the administration of justice in this court.
Plaintiff is the holder of an automobile installment sales contract executed by the defendant. The amount of the contract is $2,320.56. After paying about $500, defendant defaulted, whereupon, in June, 1969, plaintiff’s attorney commenced an action for the total balance due. On June 26, 1969, a professional process server signed an affidavit reciting two unsuccessful attempts to serve defendant personally and the usual consequent substituted service by mail and by affixing a copy of the papers to the door of defendant’s residence.
Defendant did not appear or answer. Plaintiff’s attorney then applied to the Clerk for judgment by default. The papers submitted in support of the application included an affidavit by the same process server, dated July 31, 1969, stating that, on July 28, 1969, the process server “had a conversation with Robert E. Knox, defendant in the above entitled action. In response to my questions, he told me that said defendant was not in the military service of the United States ”. Proof that a defendant is not in military service is of course mandated by Federal and State law (Soldiers’ and Sailors’ Civil Relief Act *67 of 1940, as amd. [U. S. Code, tit. 50, Appendix, § 510] and New York Soldiers’ and Sailors’ Civil Relief Act of 1951 [Military Law, art. XIII], respectively) before a default judgment may be entered. On the strength of the process server’s affidavit, on December 12, 1969, the Clerk entered the default judgment.
When he notified his client of what had happened, plaintiff’s attorney was told by the client that in fact Robert E. Knox is in military service.
Forthwith the attorney submitted an order directing that the default judgment be vacated. That is the order now before me, and I have this day signed it.
The conduct of plaintiff’s attorney is beyond reproach. The same cannot be said of the process server, whose affidavit recites a patently false conversation with the defendant.
It is common knowledge, and has been for at least a year, that some process servers engaged by attorneys to serve papers in connection with cases pending in this court have habitually submitted perjurious affidavits of service. (An affidavit of nonmilitary service is simply a species of affidavit of service.) This is more than a problem. It is a scandal. So far as I know, the only response has come from the United States Attorney for the Southern District of New York, who has prosecuted several process servers on the theory that by committing 11 sewer-service ’ ’ they have violated the civil rights of the defendants upon whom they were hired to serve papers (e.g., United States v. Wiseman, S. D. N. Y., 1969). While I applaud these efforts, 1 wonder whether this court really can do nothing but look to the Federal Government for assistance in cleansing its processes of so deadly a poison as perjury. In my judgment, the filing of a false affidavit of service is not only an offense prosecutable under Federal and State penal laws. It may also constitute contempt of court, be it criminal (Judiciary Law, § 750; People v. Shapolsky, 8 A D 2d 122, 127 [1st Dept., 1959]), or civil (Judiciary Law, § 753, subd. A, par. 1).
I have not instituted contempt proceedings in this case because the process server has no prior notice that I would do so — not that I think one need be warned in advance that a willful obstruction of justice by perjury carries a sanction — and I prefer to err on the side of leniency. After publication of this memorandum, there will be no room for indulgence. Should an apparently false affidavit of service henceforward come to my attention, I shall direct the affiant to show cause why he should not be held in contempt. And if he is, I shall be severe in assessing the consequences.