**Samuel and Sara BARBER et al.,**
**Plaintiffs,**

v.

**Milton RADER et al., Defendants.**

**No. 71–628–Civ–CF.**

United States District Court,
S. D. Florida.

Aug. 28, 1972.

William Manikas and David Cherry, Florida Rural Legal Services, Pompano Beach, Fla., for plaintiffs.

John Baker, Belle Glade, Fla., for defendant landlords, Rader, Multach, Collins and Nunn and Charles Goodlett.

Jerry Oxner, Asst. Atty. Gen., Department of Legal Affairs, Tallahassee, Fla., for Attorney General Robert L. Shevin.

Marvin U. Mounts, County Sol. for Palm Beach County, West Palm Beach, Fla., pro se.

Richard Joranby, Palm Beach, Fla., for William Heidtman, Sheriff of Palm Beach County.

## ORDER

Before DYER, Circuit Judge, and FULTON and FAY, District Judges.

### PER CURIAM.

This cause came before the Court upon plaintiffs' motion for a partial summary judgment and upon a motion for summary judgment filed by defendants Rader, Multach, Collins, and Nunn. All issues of material fact have been resolved by stipulation of counsel, with the exception of damages, if any, recoverable by the plaintiffs from the defendant landlords. In accord with the stipulations of counsel, this Court's order of February 2, 1972, and the Court's independent examination of this file, the Court finds that there remain no other issues of material fact. Rule 56, Fed.R. Civ.P.

This is an action brought pursuant to 42 U.S.C. § 1983. The plaintiffs allege that they have been deprived of procedural due process of the law by the defendant landlords' use and application of the Florida Landlord Lien statutes, Florida Statutes §§ 713.67, 713.68, and 713.69, F.S.A., and that these statutes are on their face constitutionally defective.

On February 27, 1971, defendant Rader caused a padlock to be placed on the apartment door of the plaintiffs Bowers. On April 12, 1971, defendant Nunn, acting on behalf of defendant Collins, padlocked the door to plaintiffs Barbers' apartment. And, on April 21, 1971, defendant Multach caused the door of the plaintiff Richardson's apartment to be padlocked. In each instance, the plaintiffs' apartments were locked with the plaintiffs' personal property within. In each instance, the apartment doors were locked for failure of the particular tenant to pay rent which was due. The apartment doors were padlocked without judicial process and without notice to the tenant. This was done in accord with Florida Statutes §§ 713.67, 713.68, and 713.69, F.S.A., Florida's landlord or innkeeper's lien statutes. In each case, the tenants were told that upon payment of the rent due, they could recover their lien-impressed personalty.

### CLASS ACTION

Plaintiffs allege that this is a proper action for class relief and seek the establishment of a class for this purpose. However, in this instance, the Court finds it impossible to determine who, besides the named plaintiffs, would fit into such class or how such persons could be notified of this action. The named plaintiffs are all in the same position—they are tenants who have been ejected and whose personal belongings contained in their dwellings have become lien-impressed. They are not persons whose property may become lien-impressed in the future, or persons who may be ejected in the future.

Rule 23(a), Fed.R.Civ.P., provides that:

One or more members of a class may sue or be sued as representative par-

ties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable. . . . Plaintiffs have not shown that in this instance the class is so numerous that joinder of all members is impracticable, nor that there are any other parties who are now in plaintiffs' position. Thus, plaintiffs' request that this action be designated a class action should be denied.

## STATUTES IN QUESTION

As stated, the issue in the case before this Court is whether the Florida Landlord's Lien statutes, §§ 713.67, 713.68, and 713.69, F.S.A., are unconstitutional in that they permit the taking of property without due process of the law.

Section 713.67, Florida Statutes, F.S.A., provides:

*Liens for board, lodging, etc., at hotels, etc.* In favor of keepers of hotels, apartment houses, and boarding houses for the board, lodging and occupancy of and for moneys advanced to guests or tenants, upon the goods and chattels belonging to such guests or tenants in such hotel, apartment house, rooming house or boarding house. . . . Upon the nonpayment of such sums . . . the keeper thereof may instantly eject such guests or tenants therefrom.

And Florida Statute § 713.68, F.S.A., provides:

*Liens for hotels, apartment houses, rooming houses, boarding houses, etc.* In favor of any person conducting or operating any hotel, apartment house, rooming house, boarding house or tenement house where rooms or apartments are let for hire or rental. Such lien shall exist on all the property including trunks, baggage, jewelry and wearing apparel, guns and sporting goods, furniture and furnishings and other personal property of any person ·. . . when such person shall occupy such room or apartment as tenant, lessee, boarder, roomer or guest for the privilege of which occupancy mon-

ey or anything of value is to be paid to the person conducting or operating such [establishment]. Such lien shall continue and be in full force and effect·for the amount payable for such occupancy until the same shall have been fully paid and discharged.

Section 713.69, Florida Statutes, F.S.A., makes it unlawful for any person to remove any property which is impressed with a Section 713.68 lien.

## HOTELS AND RESTAURANTS

It should be stated at the outset that this case does not concern Section 509.-141, Florida Statutes, F.S.A., nor any provision of §§ 713.67, 713.68, and 713.-69 as they pertain to hotels. This case concerns landlord-tenant relations, where a tenant is a tenant at will, renting week to week, month to month, or year to year and where the rented premises are the tenants' permanent place of residence. *See* Florida Statutes §§ 83.01 and 83.02, F.S.A., and 20 Fla.Jur., Landlord and Tenant §§ 18–20.

## LOCK-OUT OR INSTANT EJECTMENT

This cause does concern two different aspects of the statutes under consideration. First, the instant ejectment provision found in Section 713.67, and, second, the landlord lien provisions found in Sections 713.67, 713.68, and 713.69.

Section 713.67 provides that "upon the nonpayment of such [overdue rent] . . . the keeper thereof may instantly eject such guests or tenants therefrom." There are no enforcement provisions with regard to this instant ejectment; it is apparently a bare self-help provision. No process, much less "due" process in the form of notice, a hearing, or judicial participation of any sort, is required. The tenant is simply ejected or locked out, as in the case before this Court.

## LIEN PROVISIONS

The remainder of § 713.67 and all of §§ 713.68 and 713.69 grant the landlord a lien over the personalty of the tenant

if and when he becomes delinquent in his rent. These liens are enforced by means of Chapter 85, Florida Statutes, F.S.A.

Chapter 85, Florida Statutes, §§ 85.-011 et seq., F.S.A., provides for the enforcement of all Chapter 713 liens, including the landlord's lien. Section 85.-011 provides:

All liens on real or personal property provided for by part I or part II of Chapter 713, Florida Statutes, are enforceable by persons in privity with the owners, except when otherwise provided, as follows:

(1) Retention of possession.—By retention of possession of the property on which the lien has attached for a period not exceeding three (3) months by the person entitled to the lien, if he was in possession at the time the lien attached.

(2) By action in chancery.—By an action in chancery, however this is the exclusive remedy for enforcement of liens on the separate statutory property of married women and against estates by the entireties.

(3) Ordinary action at law.—By an ordinary action at law and levy of the execution obtained therein on the property on which the lien is held.

(4) Special action at law.—By an action at law in which the complaint shall state the manner in which the lien arose, the amount for which the lien is held, the description of the property and demand that the property be sold to satisfy the lien. The judgment for plaintiff is a personal judgment against defendant as well as a lien on the property, which it shall describe, and shall direct execution against the property, as well as against the property generally of defendant.

Apparently the landlord can utilize any one of these enforcement provisions; he is not restricted to one. However, none of the provisions provide for a bond to protect the tenant from wrongful claims, nor are there any time provisions requiring the landlord to bring an action either at law or in chancery before locking the tenant out and the tenant's property in. Nor is there a time provision requiring the landlord to bring an action within a specified time after such lockout. The lockout and imposition of the lien can all be accomplished without notice to the tenant. In fact, under § 85.-011(1) the landlord could apparently proceed without ever bringing an action, or he need not bring one for three months.

Thus, it is apparent that under this statutory scheme the landlord could use self-help, at least initially, to impress the delinquent tenant's property with a Section 713.67, 713.68 lien and to instantly eject the tenant.

## MOTIONS FOR SUMMARY JUDGMENT

█ In 1969 the United States Supreme Court held in Sniadach v. Family Finance Corporation of Bay View, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), that the Wisconsin garnishment procedure, whereby a creditor could freeze one-half of the debtor's wages before judgment or service was an unconstitutional taking of property without notice or a prior hearing and violated fundamental principles of procedural due process. The Wisconsin statute in question in *Sniadach* required that the creditor serve a summons and complaint within 10 days after the wages were seized *in rem*. In *Sniadach* the Court held that even though the debtor was ultimately given notice and an opportunity to be heard, the procedure nevertheless violated basic due process requisites because the debtor was not heard or notified before seizure occurred. *See also,* Lynch v. Household Finance Corporation, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972).

More recently, the Supreme Court of the United States reversed a Three-Judge District Court decision which considered and upheld the constitutional validity of the Florida replevin statutes, Florida Statutes §§ 78.01, 78.04,

78.07, 78.10, and 78.12, F.S.A. Fuentes v. Faircloth, 317 F.Supp. 954 (S.D.Fla. 1971), rev'd Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Under these statutes a creditor was entitled to the issuance of a writ of replevin against persons wrongfully withholding property and a pre-judgment seizure upon the creditor's filing of a bond of at least double the value of the property.

In reversing the District Court for the Southern District of Texas, the Fifth Circuit Court of Appeals considered a Texas statute giving landlords a lien and authorizing landlords to enforce that lien by peremptory seizure of the property. Hall v. Garson, 430 F.2d 430 (5th Cir. 1970). The main issues in *Hall* were whether the District Court properly declined to request a Three-Judge Court and whether the Court erred in dismissing the case. However, in dicta the Fifth Circuit said:

> The plaintiff's claim is . . . that investing the landlord with power to take unilateral action [the Texas statute] deprives her, and the class she represents, of the protection of the due process clause of the Fourteenth Amendment. This claim springs from Sniadach v. Family Finance . . . in which the Supreme Court held a Wisconsin garnishment statute unconstitutional. . . .

> Before determining whether *Sniadach* requires a conclusion that plaintiffs have stated a claim, we must sound a caveat. In determining whether a claim for which relief can be granted has been stated we do not pass on the merits of that claim. . . . In making that determination we do, however, indicate some of the considerations and factors that may be important.

> Among these is the fact that [the Texas statute] has the same characteristic that the Supreme Court found objectionable in the Wisconsin statute: Property may be seized by the landlord without "a chance to be heard." But [the Texas statute] is not a garnishment statute and all prehearing summary procedures are clearly not unconstitutional. The requirements for due procedure must be balanced against the competing interest of society served by quick and decisive action. . . .

> Thus the constitutionality of [this statute] will depend on this type of balancing in order to determine whether there exists an extraordinary circumstance that would justify the summary seizure. . . . *At this stage we cannot say that such an extraordinary circumstance exists. [This statute] seems only to protect the landlord's interest, and not any broader public interest. Moreover, there is no requirement in [this statute] that there be any showing of the likelihood or the threat of the debtor-tenant's absconding, leaving the creditor-landlord with no effective way to collect a just debt. In addition, the same kind of deep personal hardship can result from the seizure of personal and household goods as resulted from the garnishment of wages under the Wisconsin statute in Sniadach.* (Emphasis added.)

The statutes in question herein are *not* like the Oregon Forcible Entry and Wrongful Detainer statutes which were considered and approved by the Supreme Court in Lindsey v. Normet, 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972). In *Lindsey,* a landlord could bring an action for possession whenever a tenant became 10-days delinquent in his rent. The complaint had to be served upon the tenant no less than 2 days before the trial. The tenant was permitted a 2-day continuance. The statute limited the issue for trial to the right to possession. The Supreme Court approved this procedure since, among other things, the tenant received a judicial hearing before eviction. This statute did not authorize self-help. *See also,* Velazquez v. Thompson, 321 F.Supp. 34 (S.D.N.Y. 1970).

In Klim v. Jones, 315 F.Supp. 109 (N. D.Cal.1970), the District Court held that the California Innkeeper's Lien Law, similar to the statutes under consideration herein, violative of procedural due process. The Court said:

> [The California statutes are] constitutionally infirm under *Sniadach* for [their] failure to provide for any sort of hearing prior to the imposition of the innkeeper's lien thereunder, thus depriving the boarder of property without due process of law.

It can easily be seen that the trend of decisions weighs against self-executing possessory liens and pre-judgment seizures, absent extraordinary circumstances. The landlord's remedies against delinquent tenants are not abrogated by a holding that Florida Statutes §§ 713.67, 713.68, and 713.69, F. S.A., are unconstitutional. The landlord may turn to Chapter 83, Florida Statutes, F.S.A. It should be noted that § 83.08 of Chapter 83 creates a landlord's lien for rent; however, under Florida law this is not a self-executing lien. *See* Van Hoose v. Robbins, 165 So.2d 209, 211–212 (Fla.App. 2nd Dist. 1964). Thereupon, it is

Ordered and adjudged that defendants' motion for summary judgment be and the same is hereby denied and plaintiffs' motion for summary judgment be and the same is hereby granted; and that the enforcement, application and use of Florida Statutes §§ 713.67, 713.- 68, and 713.69, F.S.A., is hereby enjoined and the enforcement of these statutes is hereby declared to be an unconstitutional infringement of tenants' rights to procedural due process; and it is further

Ordered that the remainder of this cause, including plaintiffs' claims for damages, is hereby referred to Chief Judge, Charles B. Fulton, as a single District Judge.

### ORDER

This cause came before the Court upon the defendant landlords' motion for clarification of order. Defendants Rader, Multach, Collins, and Nunn are all landlords or landlord's agents. Under the auspices of Florida Statutes §§ 713.67, 713.68, and 713.69, F.S.A., the plaintiffs herein were "locked out" of their respective apartments and the defendants impressed the personalty within the apartments with "landlord's liens." The plaintiffs brought this civil rights action under 42 U.S.C. § 1983 to regain their personalty and sought to have these statutes declared unconstitutional and their enforcement enjoined. On June 16, 1972, the Three-Judge panel entered an order declaring Florida Statutes §§ 713.67, 713.68, and 713.69, F.S.A., constitutionally invalid and enjoining their enforcement.

The defendant landlords now seek a clarification of that order. The question raised by these defendants is whether they come within the purview of 42 U.S.C. § 1983 and whether their reliance on the state statutes in question was action "under color of law" amounting to "state action." The defendant landlords admitted that they relied upon the statutes in question in locking out these plaintiffs and imposing a lien on the plaintiffs' property; however, the defendants claim that since no state officials or sheriffs participated in this action, it was, at best, private discrimination without any state action. The defendant landlords urge that § 1983 can only be applied if a state official was directly involved in their actions or assisted them in some way.

In Hall v. Garson, 430 F.2d 430 (5th Cir. 1970), a case which concerned the Texas landlord lien statute, the Court stated:

> There can be no doubt that the defendants are correct in their claim that "state action" is required for there to be a claim under § 1983. Moreover, there must be state action for there to be a deprivation of the rights secured by the Fourteenth Amendment . . . . But it is equally without doubt that the actions

of a private citizen can, and in some circumstances do, become the actions of the state both for purposes of § 1983 and for the due process clause of the Fourteenth Amendment . . . .

In this case the alleged wrongful conduct was admittedly perpetrated by a person who was not an officer of the state or an official of any state agency. But the action taken, the entry into another's home and the seizure of another's property, was an act that possesses many, if not all, of the characteristics of an act of the State. The execution of a lien, whether a traditional security interest or a quasi writ of attachment or judgment lien has in Texas traditionally been the function of the Sheriff or constable. Thus [this Texas statute] vests in the landlord and his agents authority that is normally exercised by the state and historically has been a state function.

*See* United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941); Klim v. Jones, 315 F.Supp. 109 (N.D. Cal.1970).

In Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), the primary question under consideration was meaning of "under color of law" as used in § 1983. A considerable portion of that opinion discussed the history and role of § 1983 as well as the necessity for state involvement, however, Justice Harlan writing for the majority stated:

a State is responsible for the discriminatory act of a private party when the State, by its law, has compelled the act.

The landlords in this case possessed certain powers by virtue of these state statutes and made possible only by the authority of state law; their actions were clothed with the authority of state law and were "state actions" taken "under the color of state law" for purposes of § 1983.