Larry **HOLT** et al., etc., Plaintiffs,

and

**Louisville Tenants Union, Inc.,**
**Intervening Plaintiff,**

v.

C. Maxwell **BROWN** et al., Defendants.

and

**Louisville Board of Realtors, Intervening**
**Defendant.**

No. 6838.

United States District Court,
W. D. Kentucky,
at Louisville.

Oct. 29, 1971.

Martin R. Glenn, John G. O'Mara, Legal Aid Society, Louisville, Ky., for Larry Holt and his wife, Terri Holt and Mrs. Edith Holt.

Jerrold L. Becker, Louisville, Ky., for intervening plaintiff Louisville Tenants Union, Inc.

C. Maxwell Brown, pro se.

Boyce F. Martin, Asst. County Atty., Jefferson County, Ky., for Charles R. First, Jr., Constable First Magisterial Dist., Jefferson County, and Clem H. Block, Justice of the Peace, First Magisterial Dist., Jefferson County.

Shrader R. Miller, Louisville, Ky., for intervening defendant Louisville Bd. of Realtors.

Before BROOKS, Circuit Judge, and GORDON and BRATCHER, District Judges.

## MEMORANDUM

BRATCHER, District Judge.

This is an action before a three-judge court, convened pursuant to 28 U.S.C. Section 2284, seeking to invalidate and declare unconstitutional KRS 383.040 and KRS 383.050. Complaint is made that said statutes permit the seizure and sale of property by landlords pursuant to a distress warrant without prior opportunity being afforded tenants to be heard.

**4**

The pertinent facts of this case are briefly as follows: The plaintiffs on May 11, 1970, leased certain property located at 1907 Bardstown Road from the defendant, C. Maxwell Brown, and under the terms of the written lease rent was set at $90.00 per month. On September 21 a distress warrant for $180.00 was issued against the plaintiffs allegedly resulting from the plaintiffs' non-payment of two months rent due thereunder. This warrant was served upon plaintiffs at a new address, whereupon plaintiffs negotiated for a settlement of $156.25; however, this settlement was never finalized. On January 6, 1971, the plaintiffs filed an affidavit claiming their statutory exemption under KRS 427.010.

On January 11, 1971, the plaintiffs filed their complaint in the instant case asking for declaratory and injunctive relief against enforcement of the statutes in question. A temporary restraining order was issued prohibiting defendants from selling or otherwise interfering with plaintiffs' possession of the property. Plaintiffs also moved for a class action but this motion was overruled, and we are now asked to reconsider this ruling.

Suit was initiated under 42 U.S.C. Section 1983 to redress the deprivation under color of state law of any right, privilege or immunity secured by the Fourteenth Amendment of the Federal Constitution. Jurisdiction is alleged by virtue of 28 U.S.C. Section 1343 which confers original jurisdiction upon this Court in suits authorized by 42 U.S.C. Section 1983.

## JURISDICTION AND ABSTENTION

The defendants have moved to dismiss this action, urging that this Court lacks jurisdiction and alternatively it should abstain from exercising its jurisdiction in this action. Therefore, the initial question before this Court is whether jurisdiction attaches.

Accordingly, it must be first determined whether this is a proper action pursuant to the Civil Rights Act, 42 U.S.C. Section 1983, and if so, it follows that this Court has jurisdiction under 28 U.S.C. Section 1343 [1].

The Civil Rights Act provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution or law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The only elements required in order to establish a claim for relief under the Civil Rights Act are that conduct complained of was engaged in by defendants under color of state law, and that such conduct subjected plaintiffs to a deprivation of some right, privilege or immunity secured by the Federal Constitution. See Marshall v. Sawyer, 9th Cir., 301 F.2d 639 (1962).

Concisely stated, the plaintiffs allege that distress sales within the purview of KRS 383.040 and KRS 383.050 are acts "under color of law", which deprive them of the Fourteenth Amendment right to procedural due process, a civil right, by failing to provide for an evidentiary hearing.

Under existing authority concerning similar procedural due process issues as presented here, a distress warrant involves action under color of state law and is a proper civil rights action, thus eliminating plaintiff's obligation to

---

1. 28 U.S.C. § 1343 reads in pertinent part: "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: * * *

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;"

exhaust state remedies. Obviously, this Court has the requisite jurisdiction to determine the controversy pursuant to 42 U.S.C. Section 1983 and 28 U.S.C. Section 1343(3). See Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed. 2d 647 (1967); Escalera v. New York Housing Authority, 2nd Cir., 425 F.2d 853 (1970); Hall v. Garson, 5th Cir., 430 F.2d 430 (1970); Santiago v. McElroy, 319 F.Supp. 284 (E.D.Pa., 1970); Laprease v. Raymours Furniture Co., Inc., 315 F.Supp. 716 (N.D.N.Y.1970); and Klim v. Jones, 315 F.Supp. 109 (N. D.Cal., 1970).

■ It is equally apparent that this case comes under the ambit of 28 U.S.C. Section 2281, and consequently this Three-Judge Court has jurisdiction over the matters at issue. The statutes in question have state-wide application and the injunctive relief sought is enforceable against a state officer. See Hall v. Garson, supra.

Having disposed of the question of jurisdiction we now turn our attention to the question of abstention. Should this Court invoke the doctrine of abstention and remain aloof, thus rendering it necessary that plaintiffs resort to Kentucky Courts to obtain a construction of the statutes in question? We think not. This Court should not stay its hand under the circumstances.

■ The power of a federal court to refrain from deciding an action brought under the Civil Rights Act is a closely restricted one; in fact, it is widely recognized that cases involving questions of civil rights are the least likely candidates for abstention. See Wright v. McMann, 2nd Cir., 387 F.2d 519 (1967).

■ Deference to state court adjudication should be resorted to only where the state law is ambiguous and uncertain, not where it appears that no state construction could moot the Federal Constitution issue. See Wisconsin v. Constantineau, 400 U.S. 433, 439, 91 S. Ct. 507, 511, 27 L.Ed.2d 515 (1971) in which Mr. Justice Douglas writing for the majority held:

"Abstention should not be ordered merely to await an attempt to vindicate the claim in a state court. Where there is no ambiguity in the state statute, the federal court should not abstain but should proceed to decide the federal constitutional claim."

It is obvious that there is no ambiguity or uncertainty attending these statutes.[2]

Neither statute contains a provision for notice or evidentiary hearing and there are no provisions which could fairly be construed to so provide.

■ Therefore, in applying established principles set forth in recent precedent, it becomes our manifest duty to decide the constitutional questions presented in the instant case. See Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Wisconsin v. Constantineau, supra; Holmes v. New York Housing Authority, 2nd Cir., 398

---

2. KRS 383.040 provides: "(1) When rent is reserved in money a landlord or his agent may, before a justice of the peace, police judge or a judge of the quarterly court in the county where the land lies, file an affidavit showing the amount of rent due and in arrears. That officer shall then issue a distress warrant, directed to the sheriff, marshal of the town or a constable of the county, authorizing him to distrain for the amount due, with interest and costs.

(2) A distress warrant may issue although the lease is not ended, but only for rent then due, and not after the lapse of six months from the time it was due."

KRS 383.050 provides: "Unless the demand is replevied, or a sale is prevented by legal procedure, the officers making the distress shall sell enough of the property distrained to satisfy the rent with interest and costs. The sale shall be advertised and made as prescribed in KRS 426.160. The sale shall be advertised in a newspaper only if requested in writing by the defendant. The sale shall be made to the highest bidder on a credit of three months with interest from the date of sale. The officer shall take from the purchaser a bond with good surety for the sale money and shall return it with the warrant. If the purchase bond is not satisfied at maturity, the officer to whom it is returned or the circuit clerk, whichever the plaintiff directs, shall issue execution to any county which the plaintiff designates."

**6**

F.2d 262 (1968); and Edwards v. Sammons, 5th Cir., 437 F.2d 1240 (1971).

## CONSTITUTIONALITY

We repeat, plaintiffs urge that the present distress laws permit seizure and sale of property prior to notice and hearing and that such procedural imperfections clash with constitutional guarantees rendering them invalid.

■ It is elementary that the right to be heard is a fundamental requirement of due process of law and that this right has little value unless a person has the concomitant right to be informed that a matter is pending and the right to choose for himself whether to appear, or default, acquiesce or contest. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In the instant case KRS 383.040 and KRS 383.050 fail to provide for a hearing. The classic situation under these sections involves a summary proceeding permitting a prehearing seizure of personal property. This type of action has been condemned by numerous courts within the past several years as a violation of fundamental procedural due process guarantees.

The language in these cases is clear and explicit, leaving no doubt that the statutes in question before this Court violate fundamental procedural due process rights. See Sniadach v. Family Finance Corp., 395 U.S. 337, 343, 89 S.Ct. 1820, 1823, 23 L.Ed.2d 349 (1969); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Escalera v. New York Housing Authority, supra; Hall v. Garson, supra; Santiago v. McElroy, supra; Laprease v. Raymours Furniture Co., Inc., supra; and Klim v. Jones, supra.

It is only fair to point out however that the Kentucky laws on the subject are not all bad or totally without redeeming virtues.

There are several remedies or procedures available to a tenant. He may either file a bond which would discharge the levy or file a bond and sue in replevin for the property or for special damages (KRS 383.063 and KRS 383.060),

or if the tenant is unable or unwilling to replevin, discharge or suspend execution of the distress warrant, he may bring an action to recover possession of the distrained property (KRS 383.061).

These remedies, though, fall short of the rationale and minimum legal requirements set forth in recent authority.

■ Thus, as KRS 383.040 and KRS 383.050 are violative of constitutional due process safeguards in permitting the prehearing seizure and sale of personal property pursuant to a distress warrant, these sections are declared unconstitutional.

■ In view of the fact that the result reached by this Court has statewide application, plaintiffs' motion for a class action is overruled.

An appropriate Order will be entered overruling the motions to dismiss filed by various defendants, and ordering that the defendants or any others similarly situated are permanently enjoined from the seizure and selling of any property pursuant to the provisions of KRS 383.040 and KRS 383.050.