**Rose DIELEN, Plaintiff,**

v.

**Dania LEVINE and Jennie Rifkin,
Defendants.**

**Civ. 72–0–232.**

United States District Court,
D. Nebraska.

June 27, 1972.

R. Ladd Lonnquist and Terrence J. Ferguson, Legal Aid Society of Omaha, Inc., Omaha, Neb., for plaintiff.

David L. Herzog, Omaha, Neb., for defendants.

## MEMORANDUM AND ORDER

DIER, District Judge.

This matter comes before the Court upon plaintiff's motion for summary judgment, Filing No. 13, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The Court, after oral argument, concluded that plaintiff's motion should be sustained, and so ruled in open court. Subsequently, the parties reached a settlement as to the issues of damages and filed a stipulation to that effect with the Court, reserving all other claims.

Under the circumstances, an exhaustive opinion on the facts and law is not necessary. Suffice it to say that, when the Court sustained plaintiff's motion for summary judgment, it did so on the basis that Nebraska's Landlord Lien Law, Neb.Rev.Stat. §§ 41–124 through 41–126 (1943), was unconstitutional in that it permitted the defendant herein to summarily seize and hold the property of a tenant for failure to pay rent, without prior notice or opportunity to be heard, thus violating the due process clauses of both the Fifth and Fourteenth Amendments to the United States Constitution. See Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); Santiago v. McElroy, 319 F.Supp. 284 (E.D.Penn.1970); Klim v. Jones, 315 F.Supp. 109 (N.D.Cal.1970); Collins v. Viceroy Hotel Corp., 338 F.Supp. 390 (N.D.Ill.1972).

This Court should note that it is of the view that it properly has jurisdiction of this action pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, because the defendant in utilizing the provisions of the aforesaid State statutes, acted "under the color of state law" as that phrase is used in § 1983. See United States v. Price, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966); Reitman v. Mulkey, 387 U.S. 369, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1967); Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Hall v. Garson, 430 F.2d 430 (5th Cir. 1970); Klim v. Jones, 315 F.Supp. 109 (N.D.Cal.1970). In addition, the fact that so-called "property rights" rather than "personal

rights" are involved is of no importance in determining jurisdiction under the aforesaid statutes. See Lynch v. Household Finance Corp., 405 U.S. 538, 92 S. Ct. 1113, 31 L.Ed.2d 424 (1972).

On the basis of the foregoing, this Court specifically holds that Nebraska's Landlord Lien Law is unconstitutional. Further authority for such conclusion is contained in plaintiff's brief, and citation thereto would be unduly cumulative. The Court does, however, commend plaintiff's counsel, Mr. Ladd Lonnquist and Mr. Terrence Ferguson, for submitting an excellent brief to the Court. Had defendants' counsel performed as well, the Court would be far more certain of the correctness of its conclusions herein.