**James MacQUEEN and Agnes E. Mac-Queen, his wife in behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**George LAMBERT and Dorothy Lambert, his wife, Defendants.**

Civ. No. 70–432.

United States District Court, M. D. Florida, Tampa Division.

Sept. 28, 1972.

Thomas H. Wiesenfeld, Tampa, Fla., for plaintiffs.

Jerry E. Oxner, Asst. Atty. Gen., Dept. of Legal Affairs, Robert L. Shevin, Atty. Gen., Jack M. Skelding, Jr., Madigan, Parker, Gatlin & Swedmark, Tallahassee, Fla., for defendants.

## MEMORANDUM OPINION AND ORDER

KRENTZMAN, District Judge.

This is an action for declaratory and injunctive relief and damages brought pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred on this Court by 28 U.S.C. § 1343(3). Plaintiffs challenge the constitutionality of Florida Statutes §§ 713.67, .68, and .69, F.S.A. (hereinafter Landlord Lien Law), which provide for self-executing possessory liens and prejudgment seizures of tenants' personal property by landlords upon the non-payment of rent by their tenants.

On June 26, 1972, counsel for plaintiffs have stipulated with counsel for one of the defendants, Dorothy Lambert, as to the amount of damages previously in issue. In addition, plaintiffs have filed affidavits stating their inability through indigency to utilize the remedial aspects of Florida Statutes, §§ 78.01 and 713.76, F.S.A. (allowing the posting of a bond to recover the seized property). The parties have submitted the constitutional and injunctive issues to the Court for determination upon all pleadings, briefs and affidavits. Based upon a consideration of these, the following memorandum opinion and order is entered.

The following facts have been stipulated to by the parties. Plaintiffs were tenants in defendants' trailer park. On or about 11:00 P.M. of August 17, 1970, defendants evicted plaintiffs from their leased trailer and seized within the trailer the personal property of plaintiffs, including that of their children, pursuant to Florida's Landlord Lien Law. All claims for damages have been settled between the plaintiffs and defendant Dorothy Lambert, but not with regard to defendant George Lambert.

This Court, by its order dated November 16, 1970, determined that this cause was within the jurisdiction of a single judge district, rather than a 3-judge court, because no officer of the State of Florida is a defendant. *See* Hall v. Garson, 430 F.2d 430 (5 Cir. 1970). In said order, this Court also denied plaintiffs leave to proceed as a class action, because injunctive relief with respect to the class as a whole is not feasible. *See* Rule 23, F.R.Civ.P.

On August 14, 1972, the State of Florida moved to intervene as a defendant, after all pleadings, affidavits and memoranda had been presented to the Court for determination of the constitutionality of the Landlord Lien Law, and nearly two years after the complaint had been filed. The State has previously appeared in this action as amicus curiae to defend its interest. An amicus curiae brief was filed December 14, 1970. On November 23, 1971, this Court noted in an order that the State had indicated a desire to withdraw participation in the action.

Rule 24(a), F.R.Civ.P., provides for intervention of right when: "the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest. . . ." Such right, however, must be exercised upon *"timely"* application." (emphasis added). The State has not demonstrated any desire to timely assert its right to intervene. It has long been in a position to seek intervention and has in fact taken other steps to assert its rights through its amicus curiae brief. *See* Diaz v. Southern Drilling Corp., 427 F. 2d 1118, 1125 (5 Cir. 1970).

The State also seeks permissive intervention under Rule 24(b), F.R.Civ. P. The same "timeliness" requirement applies to permissive intervention. In addition, this Court under the Rule may

consider whether the intervention will unduly delay the adjudication of the rights of the original parties. In its order of November 16, 1970, this Court determined that a 3-judge district court need not be convened because no officer of the State of Florida was a defendant, citing Hall v. Garson, *supra*. To allow the State to intervene at this time would seemingly require the convening of such a 3-judge court, further delaying adjudication of the important issues in this case. The motion of the State of Florida to intervene as a party defendant will be, and is hereby, denied.

■ The State, in its motion for intervention, also filed a motion to dismiss the action on the grounds that the case is now moot. Although the motion to intervene has been denied, the Court has considered the arguments set forth by the State as a further amicus curiae brief. The State contends that the stipulation filed by plaintiffs and defendant Dorothy Lambert has made moot any need to determine the constitutionality *vel non* of the Landlord Lien Law in this action. The Court finds that a justiciable "case or controversy" exists in this action, where damages remain at issue as to defendant George Lambert, who did not join in the stipulation.

Florida's Landlord Lien Law is challenged as an unconstitutional taking of property without due process of law. The statute permits a landlord to "lock out" a tenant for non-payment of rent and imposes a lien for the rent on all property of the tenant within the leased premises. No court action need be taken by the landlord for at least three months. Fla.Stat. § 85.011(1), F.S.A. The lock out and imposition of the lien can all be accomplished without notice to the tenant. In order to release the lien on his property, the tenant must post a bond for double the amount claimed by the landlord. Fla.Stat. §§ 78.01 and 713.76, F.S.A.

■ A fundamental principle of procedural due process of law is the right of persons deprived of property to a prior notice and hearing. The United States Supreme Court applied this doctrine in Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L. Ed.2d 349 (1969), to strike down the summary procedures of Wisconsin's garnishment laws. In *Sniadach* the Court held that the garnishment procedures violated basic due process requisites because the debtor was not heard nor notified *before* seizure occurred. *See generally* Note, Florida Wage Garnishment: An Anachronistic Remedy, 23 U.Fla.L. Rev. 681 (1971).

Since that watershed case, the Supreme Court has indicated that the *Sniadach* doctrine is not to be interpreted narrowly. *See* Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). The Supreme Court extended the *Sniadach* doctrine in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), which struck down Florida's replevin statutes, another summary prejudgment procedure. The essence of these recent cases is an abhorrence for summary seizures of property without notice to the owner, or an opportunity to challenge the taking in an adversary hearing prior to the seizure. To state the doctrine in this way is to recognize its inherent fairness and harmony with basic precepts of Anglo-American jurisprudence.

Landlord Lien Laws are common throughout the several states. Cast in the light of *Sniadach*, however, they appear as vestiges of the past, when landlords were truly lords.[1] What the statutes have in common is their landlord self-help procedures. A tenant may find himself locked out of his house at midnight (as in the present case) with no prior notice. Behind the locked doors may be all of the tenant's personal possessions, impounded as a lien for the claimed rent due. No court has deter-

---

1. For a discussion of their early history, see Klim v. Jones, 315 F.Supp. 109, 118–120 (N.D. Cal.1970).

mined that the past rent is due; no impartial arbiter has weighed the variable factors involved. In fact, recent decisions have indicated that non-payment of rent may be authorized where the landlord has failed to meet certain landlord-tenant warranties. Javins v. 1st Nat'l Realty Corp., 138 U.S.App.D.C. 369, 428 F.2d 1071 (1970) (tenant's obligation to pay rent is dependent on landlord's performance of his implied warranty to maintain the premises in a habitable condition). Thus, the mere non-payment of rent may arguably no longer foreclose inquiry into the cause of non-payment.[2]

In Klim v. Jones, 315 F.Supp. 109 (N. D.Cal.1970), the California's Innkeeper's Lien Law was found violative of procedural due process in its "failure to provide for any sort of hearing prior to the imposition of the . . . lien thereunder." Id. at 122. The Kentucky Landlord Lien Law was declared unconstitutional in Holt v. Brown, 336 F.Supp. 2 (W.D.Ky.1971). Indeed, the Florida statutes challenged herein have been declared unconstitutional by a 3-judge court convened in the Southern District of Florida. Barber v. Rader, 350 F.Supp. 183 (1972). That court considered as significant the dicta in a Fifth Circuit Court of Appeals decision, Hall v. Garson, supra, wherein the appellate court, discussing the Texas Landlord Lien Law, stated:

> "The requirements for due procedure must be balanced against the competing interest of society served by quick and decisive action. And in extra-ordinary situations the prehearing seizure of property is permissible.
>
> •   •   •   •   •   •
>
> Thus the constitutionality of [the statute] will depend on this type of balancing in order to determine whether there exists an extraordinary circumstance that would justify the summary seizure. . . . At this stage we cannot say that such an extraordinary circumstance exists. [The statute] seems only to protect the landlord's interest, and not any broader public interest. Moreover, there is no requirement in [the statute] that there be any showing of the likelihood or the threat of the debtor-tenant's absconding, leaving the creditor-landlord with no effective way to collect a just debt. In addition, the same kind of deep personal hardship can result from the seizure of personal and household goods as resulted from the garnishment of wages under the Wisconsin statute in Sniadach." Id. 430 F.2d at 440-441.

The defendants in the instant case have not shown any public interest served in the summary procedures used against the plaintiffs. Defendants have further failed to demonstrate that the need for quick action was imperative. It cannot be assumed that tenants of mobile homes are on the verge of leaving the state with all of their possessions in order to avoid payment of rent due. Defendants have thus failed to comport with the factors set forth in Hall v. Garson, supra.

■■ In an amicus curiae brief filed by the State Attorney General, the State contends that Florida's Landlord Lien Law should come under the recognized emergency exception to the Sniadach doctrine. Sniadach recognized that summary procedures may in some circumstances meet the requirements of due process in extraordinary situations. See, e. g., Fahey v. Mallonee, 332 U.S. 245, 67 S.Ct. 1552, 91 L.Ed. 2030 (1947). No such emergency existed in the present case, however. Plaintiffs' failure to pay rent, if in fact it occurred, is no cause to bring down the rafters on their head. "Emergency!" is the cry of intuition rather than reason. It should

---

2. In Lindsey v. Normet, however, the Supreme Court found no denial of due process where a landlord's action for rent was limited solely to the issue of whether rent payment had been made.

405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972). The Oregon statute in question provided for a hearing prior to the tenant's eviction.

accordingly be used as an excuse for summary procedures only sparingly and where shown to outweigh individual interests in prior notice and hearing. In view of the obviously harsh effects of the Landlord Lien Law, some overriding state or creditor interest must be shown. None has been shown.

██ Defendants argue that the remedial aspects of Florida Statutes, §§ 78.01 and 713.76, F.S.A. protect the tenant's interests by allowing him to release the lien through the posting of a bond for double the amount claimed by the landlord. The existence of this double bond feature does not, however, save the statutes in question. This "remedy" does not completely nullify the adverse effects which may have resulted from the summary taking. The fact of the taking without notice or hearing has not disappeared. Furthermore, the tenant may be unable to afford the costs of the bond, as the instant plaintiffs have sworn to in affidavits filed in this case. The same remedial statutes did not save Florida's replevin laws from being declared unconstitutional by the Supreme Court in Fuentes v. Shevin, *supra*.

The compelling logic of the cases discussed herein, and the evident trend in constitutional law to scrutinize summary procedures with suspicion, dictate the result in the present case. Florida Statutes, §§ 713.67, .68 and .69, F.S.A. are unconstitutional in their failure to give a tenant prior notice and an opportunity to be heard prior to the taking of the property, in violation of the principles of due process. This Court does not, however, presently concern itself with the statutory summary procedures as they apply to other than landlord-tenant relationships. For example, the Hotel Lien Laws contained in the same Florida Statutes are not presently before this Court. Factors may exist in hotel-guest relationships that are not present in landlord-tenant situations, and determination of these issues should be made in a proper case. Accordingly, it is

Ordered, adjudged and decreed that the enforcement, application, and use of Florida Statutes, §§ 713.67, .68, and .69, F.S.A., as creating a lien on the property of a tenant for non-payment of rent due to his landlord is hereby enjoined as to the plaintiffs herein, and the enforcement of these statutes is declared to be an unconstitutional infringement of plaintiffs' rights to procedural due process. The only issue remaining for determination is the amount of damages, if any, due to plaintiffs from defendant George Lambert.