QUESTION: Can the Board of Osteopathic Medical Examiners summarily suspend the license of a licensee without a public hearing?
SUMMARY: Due process of law requires notice of charges and the right to a public hearing before property may be taken. The right to practice osteopathic medicine, although not a vested right, has the characteristics of property and may not be taken by the Board of Osteopathic Medical Examiners by summarily suspending a licensee without a notice of hearing and the opportunity to a fair and impartial hearing. The answer is in the negative. The fundamental principle of procedural due process of law is the right of persons deprived of property to prior notice and hearing. MacQueen v. Lambert, 348 F. Supp. 1334 (M.D.Fla. 1972). The term "property" includes the right to pursue a lawful business, trade, profession, or occupation, and is one of the privileges of a citizen of which he cannot be deprived without due process of law. State v. Rose, 122 So. 225 (Fla. 1929); Paramount Enterprises v. Mitchell, 140 So. 328 (Fla. 1932); Fulton v. Ives, 167 So. 394
(Fla. 1936); The Florida Bar v. Fussell, 179 So.2d 855 (Fla. 1965). Any significant taking of property by the state is within the purview of the due process clause. Fuentes v. Shevin,407 U.S. 67, (1972) reh. den. 409 U.S. 902, (1972). Procedural due process is not intended to promote efficiency or to accommodate all possible interest; it is intended to protect the particular interest of the person whose possession or property is being taken. Fuentes, supra. Although the license to practice a profession endows the holder with a conditional privilege and not a vested right, it has the characteristic of property which should not be taken by the governing authority without the proper application of traditional concepts of due process. Fussell, supra. Section 459.14, F.S., establishes the procedure for disciplinary action by the Board of Osteopathic Medical Examiners. This statute provides that the board may not refuse, revoke, or suspend licenses for violation of those provisions stated in this section. Specifically, referring to the disciplinary action that may be taken by the board, Section 459.14(7) states: (7) The board may not refuse to issue or renew, or to suspend or revoke, any license for any of these causes [listed in the statute] unless the person accused has been given at least twenty days' notice in writing of the charge against him and a public hearing by the board. . . . Thus, the legislature provides the procedural due process that must be followed in order for the board to take disciplinary action against a licentiate. The summary suspension of a practitioner of osteopathic medicine clearly appears to fall within the purview of this statute. Hence, notice and hearing must be provided. Further, the Administrative Procedure Act, Ch. 120, F.S., which governs all administrative and regulatory boards such as yours, provides that: 120.22 Hearing guaranteed. — Any party's legal rights, duties, privileges or immunities shall be determined only upon public hearing by an agency unless the right to public hearing is waived by the affected party, or unless otherwise provided by law. (Emphasis supplied.) As previously noted in this opinion, the practice of a profession is a conditional privilege having the characteristic of property. This privilege certainly deserves protection by the above statute since its denial would allow one to be deprived of a livelihood without the benefit of a hearing. According to s. 120.22, F.S., unless waived by the affected party, an administrative body desirous of suspending the license to practice of a licentiate must provide the licentiate with a public hearing. Section 459.14(6), F.S., allows the board to temporarily suspend the license of any licentiate who is admitted to or confined within a hospital or institution for the purpose of obtaining treatment and therapy for any mental or nervous disability. The admission or confinement must be certified by the admitting authority or officer of the admitting institution responsible for the case. I can determine no other authority that would permit the board to dispense with notification of the charges and a hearing before suspending a license unless the hearing is specifically waived by the licensee. A statute granting authority to public officials to proceed in a particular way or only upon specific conditions implies the duty not to proceed in any manner than that which is authorized by law. First National Bank of Key West v. Fowler, et al., 145 So. 204 (Fla. 1933); White v. Crandon, et al., 156 So. 303 (Fla. 1934). Thus, it appears clear that the board cannot summarily suspend the license of a licensee without providing due process of law and follow the statutory guidelines as discussed above. Therefore, I come to the conclusion that the Board of Osteopathic Medical Examiners may not summarily suspend the license of a licensee without first giving such licensee notice of the charges against him and the right to a fair and impartial public hearing as required by the due process clause of the U.S. Constitution, the Florida Constitution and the Florida Statutes.